United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50680
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO MORALES HERRERA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:04-CR-21-2
--------------------

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ricardo Morales Herrera appeals his 125-month sentence for aiding and abetting a carjacking and possession of a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1), and 2119. He asserts that his trial counsel was ineffective for failing to move the district court for a mental competency hearing prior to sentencing.

Generally, this court does not review claims of ineffective assistance of counsel on direct appeal unless the record is sufficiently developed to allow us to fairly evaluate the merits

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the issue.  See United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987).  In this case, the trial record is adequate to determine that counsel's representation was not constitutionally defective.

At the time Herrera was sentenced, 18 U.S.C. § 4241(a) (2004) provided that, at any time

> prior to the sentencing of the defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant.  The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

The record shows that counsel alerted the district court to Herrera's questionable mental capacity at the outset of the sentencing hearing.  As a result, the district court investigated the matter and questioned Herrera.  The court implicitly applied the standard in 18 U.S.C. § 4241(a) and determined that Herrera was able understand the nature and consequences of the proceedings against him and assist properly in his defense.

In light of the circumstances, counsel's failure to explicitly move the court for a competency hearing under 18 U.S.C. § 4241 was not outside the wide range of professionally competent assistance.  Herrera has failed to establish that counsel's performance was deficient under Strickland v.

<u>Washington</u>, 466 U.S. 668, 687-90 (1984).  Accordingly, he has failed to show that counsel was ineffective.  <u>See</u> <u>id.</u> at 697.

The judgment of the district court is AFFIRMED.